IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES SURRATT and
ROSE SURRATT,

                        Plaintiffs,

v.                                                    CIVIL ACTION NO.   5:15-cv-15444
                                                      (Consolidated with Civil Action Nos: 5:15-cv-15525;
                                                      5:15-cv-15526;   5:15-cv-15527;   5:15-cv-15528;   5:15-cv-15529;
                                                      5:15-cv-15530; 5:15-cv-15532; 5:15-cv-15533 & 5:15-cv-15534)

PINNACLE MINING
COMPANY, LLC,

                        Defendant.

MEMORANDUM OPINION AND ORDER

        The Court has reviewed the Plaintiffs' *Motion to Amend the Complaint* (Document 73), the

attached exhibits, including the proposed *Amended Complaint* (Document 74), and the

Defendant's *Response in Opposition to Plaintiffs' Motion to Amend the Complaint* (Document 76).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        In brief background, Plaintiffs James and Rose Surratt filed their initial *Complaint*

(Document 1-1) in the Circuit Court of Wyoming County on November 10, 2015, and the

Defendant removed the matter to this Court on November 23, 2015.   On January 13, 2016, several

related actions were consolidated with the Surratt's suit.   The Plaintiffs all own property on or

near Woosley Road in Pineville, West Virginia.   Pinnacle operated an underground longwall mine

near the Plaintiffs' properties.   The Plaintiffs allege that the mining activities have caused

subsidence and structural damage to their property, and resulted in the release of methane.

The Court entered a *Scheduling Order* (Document 22) on January 14, 2016, which set a deadline of June 10, 2016, for joinder of parties and amendment of pleadings.   Discovery requests were due by September 23, 2016, and depositions are to be completed by November 18, 2016. Trial is scheduled for February 2, 2017.   The Plaintiffs' motion to amend was filed on September 7, 2016, and the Defendant responded in opposition on September 21, 2016.

## DISCUSSION

The Plaintiffs assert that, after filing their complaint, the ownership of the coal mine at issue changed and they acquired new information regarding the ownership interests in the mine. Cliffs Natural Resources, Inc., sold Pinnacle to Seneca Coal Resources, LLC, on December 22, 2015, but retained a revenue sharing agreement.   The Plaintiffs assert that "Seneca is in a joint venture with Cliffs and both entities should be new defendants in this case."   (Pl.s' Mot. at 4.)   In addition, ERP Compliant Fuels "operates the Pinnacle Mining Complex and Seneca is an 'affiliate'" of ERP, and the Plaintiffs seek to add ERP as a Defendant as well.   (*Id.*)   The Plaintiffs seek to allege that Cliffs, Seneca, Pinnacle, and ERP are in a joint venture and "lack the corporate distinctiveness to be separate companies."   (*Id.*)   The Plaintiffs argue that motions to amend should be freely granted and that the proposed Defendants would not be prejudiced by amendment, as each company may be presumed to be aware of the factual allegations that gave rise to this civil action.

Defendant Pinnacle Mining Company urges the Court to deny the motion for leave to amend as untimely and futile.   The Defendant notes that, while Cliffs sold its interest in Pinnacle to Seneca shortly after this suit was filed, the Plaintiffs did not name Cliffs as a Defendant based on its ownership of Pinnacle.   The Defendant further notes that the sale of the company took place

2

prior to the expiration of the period for joining parties and amending pleadings set forth in the Court's *Scheduling Order* (Document 22).   The Defendant argues that the Plaintiffs' factual allegations are not sufficient to support their joint venture or alter ego theories.   Further, the Defendant argues that permitting amendment would unnecessarily delay proceedings, as Cliffs, ERP, and Seneca have not participated in the case thus far and discovery is nearly complete. Thus, the Defendants assert that they would be prejudiced by the proposed amendment.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages courts to freely grant motions for leave to amend pleadings "when justice so requires."   Fed. R. Civ. P. 15(a)(2).   "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).   "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed."   *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).   However, when a party seeks to amend its pleadings after the deadline for amendment set forth in a scheduling order as passed, "the good cause standard must be satisfied to justify leave to amend the pleadings."   *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (affirming a district court's denial of a motion to amend based on lack of good cause under Rule 16(b)).

The Plaintiffs have offered no reason for filing their motion to amend some nine months after the sale of Pinnacle and three months after the expiration of the deadline to join parties and amend pleadings.   Further, as the Defendant points out, an amendment to add Pinnacle's parent and affiliate corporations as defendants appears to reflect a change in strategy, rather than a change

3

based on newly discovered facts, given that Pinnacle's parent company at the time of the original complaint was not included as a defendant.  Such strategic decisions must typically be made within the deadlines set forth in the scheduling order to avoid prejudicing the opposing party or delaying the case.  Absent an explanation for the delay in seeking to amend the complaint, the Court finds that the Plaintiffs have failed to show that they acted with the diligence required to show good cause for altering the scheduling order under Rule 16(b).  *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (unpublished per curiam).  Further, the extent of the delay, extending nearly to the close of discovery, constitutes undue delay under *Harless* and Rule 15(a).  Therefore, the Court finds that the motion to amend should be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion to Amend the Complaint* (Document 73) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    October 26, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4